HSU KUO YEH, mother of deceased KAO SAN, Captain of the fishing vessel No. 6, HSIEH CHIN; HSU CHE YUAN, wife of the deceased KAO SAN; HSU CHIN TI, second son; HSU CHING TSU, third son; HSU CHUNG FENG, third daughter, HSU, fourth daughter, all minor children of deceased KAO SAN; and TSU MAU FISHERY COMPANY, LTD., Plaintiffs

v.

ALMA P. PRATT, Director of Public Works of the Government of American Samoa, Defendant

No. 242-67

High Court of American Samoa

Civil Jurisdiction, Trial Division

March 6, 1967

V. G. ROEL, *Associate Justice;* TAUALA, *Associate Judge;* and MASANIAI, *Associate Judge.*

### DECREE SUSTAINING DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFFS' PETITION

On this, the 6th day of March, 1967, came on for hearing the Defendant's motion to dismiss the above cited and numbered cause, wherein counsel for Defendant and Plaintiffs presented oral argument before the Court to explain and emphasize their pleadings in writing on the matter, and to cite relevant law or authorities not included in their pleadings filed in the case.

In addition to studying the citations and authorities submitted in writing by both sides for and against the motion to dismiss, the Court undertook independent extensive legal research into the matter.

After considering the pleadings, the cited authorities, the Court's independent research, and the argument of counsel, it is the unanimous opinion of this Court that the Defendant's motion to dismiss should be sustained and granted.

The Court specifically undertook to consider the four reasons argued by counsel for Plaintiffs why the motion should be denied. The reasons given were as follows: 1. That Lord Campbell's Act of 1846 was part of the common law; 2. That the word "property" as used in certain citations should include recovery as damages to heirs of the deceased; 3. That the Court should reject the common law altogether where it does not allow damages for wrongful death; and 4. That under the Samoan custom the heirs of a deceased wrongfully killed are compensated in the form of the traditional "Ifoga."

In considering each of the above four points the Court found as follows: 1. That Lord Campbell's Act was a Parliamentary statute and not part of the common law; 2. That the word "property" in the cases cited by counsel for Plaintiffs did not and should not be interpreted as including recovery of damages by the heirs of a deceased; 3. That the Court in this case need not and would not reject the common law regarding wrongful death; and 4. The Court denies counsel for the Plaintiffs' contention that under Samoan custom the survivors of the deceased are compensated for their loss. Both of the Samoan Judges emphatically agreed that the traditional Samoan "Ifoga" presented to the family of the deceased by the family of the wrongdoer is not meant to compensate the family of the deceased at all, but merely an expression of sorrow and apology. The Court is unanimous in this interpretation.

The Court is convinced from the great weight of authority that the right for recovery for wrongful death is dependent wholly upon statutory authority.

This Court—no matter how harsh the result may seem—does not deem it proper to usurp the prerogatives of the Legislature of American Samoa by legislating from the bench upon a subject which is solely within the province and function of the Legislature.

754

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that the Defendant's Motion to Dismiss is hereby granted and that Plaintiffs' petition be, and the same is hereby dismissed.

Done this 6th day of March, 1967.